UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Thomas M. Mcneil</u>

   v.                                        Civil No. 22-cv-385-SE-TSM

<u>Detusche Bank</u>

**REPORT AND RECOMMENDATION**

Plaintiff Thomas M. Mcneil brought this wrongful foreclosure suit against defendant Deutsche Bank.  Deutsche Bank removed the suit to this court in late September 2022.  In late July 2023, Deutsche Bank moved to extend the deadline for summary judgment motions, observing that Mr. Mcneil failed to provide initial disclosures or respond to its discovery requests and other correspondence.  Doc. no. 10.

Considering Deutsche Bank's assertions and given that Mr. Mcneil had not filed anything in this suit since its September 2022 removal, the court set a show-cause hearing for August 31, 2023, regarding Mr. Mcneil's apparent failure to prosecute his lawsuit.  The court mailed the order setting the show-cause hearing to Mr. Mcneil's record address, but it was returned as undeliverable.  The court held the show-cause hearing on August 31.  Mr. Mcneil failed to appear.

Then, on September 5, the court issued an order (doc. no. 5) warning Mr. Mcneil that it may recommend to the district judge

that his case be dismissed without prejudice for failure to prosecute unless he filed a notice of his intent to continue his suit within 30 days. The court also mailed this order to Mr. Mcneil's record address, and it was again returned as undeliverable. The 30 days the court provided have expired, and as of the date of this report and recommendation the court received no filing, no correspondence, nor anything which might indicate Mr. Mcneil wishes to proceed with this suit.

A district court has inherent power to dismiss a case for failure to prosecute. See Fed. R. Civ. P. 41(b); Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007). Nevertheless, a strong presumption exists in favor of deciding cases of their merits, so the court should not lightly dismiss a case for failure to prosecute. Palermo v. N.H. State Prison, Warden, No. 13-cv-232-PB, 2015 WL 4464491, at *1 (D.N.H. July 21, 2015). To determine whether dismissal is warranted, the court should consider the totality of the circumstances. Id. And, in balancing the interests of managing its docket and deciding cases on the merits, the court should "give weight to substantive elements of the sanction, including the severity of the party's violation, mitigating excuses, and repetition of the violations, as well as procedural elements, such as notice and the opportunity to be heard." Benítez-García v. González-Vega, 468 F.3d 1, 5 (1st Cir. 2006); see also Diaz-Santos v. Dep't of Educ., 108 Fed. Appx. 638,

2

640-41 (1st Cir. Aug. 13, 2004) (indicating that when issue is failure to prosecute, the court should look to whether the plaintiff previously prosecuted his claims diligently and ensure it provides fair warning of its inclination to dismiss).

The district judge should dismiss Mr. Mcneil's case without prejudice. Mr. Mcneil has not filed anything since the complaint was removed to this court in September 2022, he has failed to participate in discovery process, and he has not responded to correspondence from either Deutsche Bank or this court.[1] Mr. Mcneil's failure to take any action to move this case forward for more than a year justifies dismissal. See Leonhardt v. Aerostar Airport Holdings LLC, 294 F. Supp. 3d 13, 16 (D.P.R. Feb. 7, 2018) (finding dismissal warranted when 225 days passed without any action from the plaintiff); Palermo, 2015 WL 4464491, at *1 (dismissal warranted when approximately one year passed since plaintiff's last participation in the case).

The court provided warning about its inclination to recommend dismissal by setting a show-cause hearing and by issuing an order expressly warning Mr. Mcneil that it may do so. Mr. Mcneil failed to appear at the show-cause hearing and failed to respond to the

---

[1] The most recent correspondence from Mr. Mcneil reflected on the docket is a November 4, 2022 email (doc. no. 7-1) from Mr. Mcneil to Deutsche Bank regarding a proposed discovery plan. At that time, Mr. Mcneil appears to have been receiving mail at his record address.

3

subsequent order warning him that the court may recommend dismissal. Although mail sent by this court to Mr. Mcneil was returned as undeliverable, it is Mr. Mcneil's responsibility to keep the court apprised of a current and correct mailing address. See LR 83.6(e) ("All persons who do not have permission to file electronically shall immediately notify the clerk's office in writing of any change of address and telephone number. Counsel or pro se parties who fail to provide the clerk's office with their current contact information in accordance with this rule are not entitled to notice."). Thus, Mr. Mcneil's failure to provide the court with a correct mailing address only bolsters the grounds for dismissal.

In sum, Mr. Mcneil's inaction in this case alongside his failure to provide the court with a correct mailing address are sufficient to justify the sanction of dismissal. However, the circumstances are not such that dismissal with prejudice would be warranted. See Benítez-García, 468 F.3d at 5 ("Where dismissal with prejudice is involved, it has long been our rule that a case should not be dismissed with prejudice except 'when a plaintiff's misconduct is particularly egregious or extreme.'") (quoting Benjmain v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 2005)); Palermo, 2015 WL 4464491, at *2 (finding that dismissal with prejudice was unwarranted in similar circumstances).

4

Accordingly, it is recommended that the district judge dismiss this case, without prejudice, for failure to prosecute.

Any objections to this Report and Recommendation must be filed within 14 days of receipt of this notice. The objection period may be extended upon motion. Only those issues raised in the written objections are subject to review in the district court, and any issues not preserved by such objection are precluded on appeal. Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

 

_____
Talesha L. Saint-Marc
United States Magistrate Judge

October 17, 2023

cc: Counsel of Record
    Thomas M. Mcneil, pro se